In Re Timothy J. SPANGLER, Debtor.

Kimberly COOPSHAW, etc., Plaintiff,

v.

Timothy J. SPANGLER, Defendant.

Bankruptcy No. 91–3354.
Related No. 91–32445.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 28, 1992.

Daniel Spitler, Bowling Green, Ohio, for defendant.

David E. Woessner, Bowling Green, Ohio, for plaintiff.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Trial on Complaint to Determine Dischargeability of Debt. At the trial, the parties had the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the testimony, the documents which were admitted at Trial, and the arguments of counsel, as well as the entire record in this case. Based upon that review, and for the following reasons, the Court finds that the debt for Ten Thousand Ninety–Eight Dollars and Fifty–Eight Cents ($10,098.58) together with the accrued interest thereafter should be nondischargeable.

## FACTS

The Plaintiff, Kimberly Coopshaw, and the Defendant, Timothy Spangler, were married on March 29, 1986. On June 16, 1988, the Lucas County Domestic Relations Court issued a Decree of Dissolution terminating their marriage. A Separation Agreement dated May 9, 1988 was signed by the Plaintiff and the Defendant and incorporated into the Lucas County Domestic Relations Court entry. The Separation Agreement ordered the Defendant to pay the balance of a debt owed to Trustcorp bank, now known as Society Bank, which related to an automobile loan taken by the parties during their marriage. The Defendant was further ordered to hold the Plaintiff harmless from the said loan.

On June 20, 1991, the Defendant filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code and requested the debt owed to Trustcorp be discharged. The Plaintiff then filed an adversary proceeding objecting to the discharge of the debt on the ground it is excepted from discharge under 11 U.S.C. 523(a)(5). The Plaintiff argued the Defendant's payment of the said loan obligation was intended to act as and for support for the Plaintiff.

## LAW

The dischargeability of support obligations is governed by Section 523(a)(5) of the Bankruptcy Code which states in pertinent part:

**§ 523(a)(5) Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ...

11 U.S.C. § 523(a)(5).

Under this provision, obligations which are imposed by a divorce decree, and which

are in the nature of alimony, maintenance, or support are not dischargeable in a proceeding under Chapter 7. The issue of when an assumption of a joint debt is "in the nature of alimony, maintenance, or support" as opposed to a division of communal property is to be determined by Federal Bankruptcy law. However, the Court may also look to state law for guidance. *In re Calhoun*, 715 F.2d 1103, 1107–1108 (6th Cir.1983).

In *Calhoun*, the United States Sixth Circuit Court of Appeals set forth a four-tier test for determining whether a debt is alimony or a nondischargeable support obligation. The *Calhoun* test is as follows:

(a) whether the *intent* of the state court or the parties was to create a support obligation;

(b) whether the support provision has the actual *effect* of providing the necessary support;

(c) whether the amount of support is so excessive as to be *unreasonable* under traditional concepts of support; and

(d) if the amount of support is unreasonable, how much of it should be characterized as nondischargeable for purposes of federal bankruptcy law.

*In re Calhoun*, 715 F.2d 1103 (6th Cir. 1986). Once any of the elements are answered in the negative, the inquiry ends and the debt is deemed dischargeable.

The Court must first inquire as to whether or not the state court or parties intended the loan obligation to be in the nature of support for the Plaintiff. At the time of the Dissolution and Separation Agreement the Defendant's annual earnings were much more than that of the Plaintiff's, in that the Defendant testified that he earned approximately Fifteen Thousand Dollars ($15,000.00) a year and the Plaintiff earned Three Thousand Three Hundred Eighty-Nine Dollars ($3,389.00) as was shown by her 1988 Income Tax Return. The Separation Agreement stated the Defendant was to receive two automobiles while the Plaintiff was to receive the 1987 Nissan automobile subject to the loan obligation. The Plaintiff testified that she needed the automobile to go to work and for basic essential transportation. She also said that her intent in the Separation Agreement was that she would waive any alimony in return for the Defendant assuming responsibility for the payment of the loan obligation on the automobile. At the time of the signing of the Separation Agreement it was clear that the Plaintiff could not afford the payments on the loan for the automobile.

The Court finds that the Plaintiff and the Defendant intended to balance the discrepancy in their incomes and the division of property by requiring the Defendant to pay the loan obligation on the automobile and assist in supporting the Plaintiff by paying for her means of transportation. Having found that the Defendant's obligation to pay the loan for the automobile was intended as support for the Plaintiff, the Court must next determine if such obligation had the effect of providing the support necessary to ensure the Plaintiff's daily needs are satisfied. The automobile was the only one available to the Plaintiff and, without the support of the Defendant paying the loan obligation, there would be no way for the Plaintiff to afford the automobile by herself. The Court finds that the Defendant's obligation was necessary to enable the Plaintiff to maintain employment and essential transportation such that was necessary to satisfy her daily needs.

Thus, the Court must determine whether the amount of support is so excessive as to be unreasonable under traditional concepts of support. Only if that answer is affirmative does the last prong of the test become relevant.

The Defendant testified that the Plaintiff was to have possession of the automobile only until he sold it; however, the Court feels the Defendant made little effort to actually sell the automobile in light of the fact that the Plaintiff's mother had offered to assume the obligation and keep the automobile, an offer which was not accepted. Furthermore, nowhere in the Separation Agreement does it indicate a specific time in which the automobile was to be sold. Nevertheless, the automobile was sold and an outstanding balance still exists and the Plaintiff has a judgment against her as a

result of the Defendant's failure to pay the obligation. The Court finds the Defendant's obligation to pay the debt of the loan was not manifestly unreasonable considering the discrepancy in the amounts of property received provided in the Separation Agreement as well as the earning capacities of the parties.

Therefore, the Court finds the Defendant's obligation to pay the debt owed to Trustcorp on a loan for the automobile is in the form of support for the Plaintiff and is not subject to discharge under Section 523(a)(5) of the Bankruptcy Code.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

ORDERED that the debt owed to Trustcorp, now known as Society Bank, for Ten Thousand Ninety–Eight Dollars and Fifty–Eight Cents ($10,098.58) plus any accrued interest be, and is hereby, declared nondischargeable.